UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN, | * |
| Plaintiff, | * |
| v. | * |
| DEPARTMENT OF DEFENSE<br>1400 Defense Pentagon<br>Washington, DC  20301, | * |
| and | * |
| DEPARTMENT OF STATE<br>2201 C Street, NW<br>Washington, DC  20520, | * |
| and | * |
| DEPARTMENT OF THE TREASURY<br>1500 Pennsylvania Avenue, NW<br>Washington, DC  20220, | *   Civil Action No. 1:25-cv-01279 |
| and | * |
| CENTRAL INTELLIGENCE AGENCY<br>Washington, DC  20505, | * |
| and | * |
| OFFICE OF THE DIRECTOR OF<br>NATIONAL INTELLIGENCE<br>Washington, DC  20511, | * |
| Defendants. | * |

## COMPLAINT

Plaintiff Jeffrey Stein brings this action against Defendants Department of Defense, Department of State, Department of the Treasury, Central Intelligence Agency, and Office of the

Director of National Intelligence pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff Jeffrey Stein ("Stein") is a U.S. citizen and is a resident of the District of Columbia. Stein is a representative of the news media within the meaning of 5 U.S.C. § 552(a)(4)(A).

4. Defendant Department of Defense ("DOD") is an agency within the meaning of 5 U.S.C. § 552(f)(1) and is in possession and/or control of the records requested by Stein which are the subject of this action.

5. The Office of the Secretary of Defense and Joint Staff ("OSD/JS") is a DOD component.

6. Defendant Department of State ("State") is an agency within the meaning of 5 U.S.C. § 552(f)(1) and is in possession and/or control of the records requested by Stein which are the subject of this action.

7. Defendant Department of the Treasury ("Treasury") is an agency within the meaning of 5 U.S.C. § 552(f)(1) and is in possession and/or control of the records requested by Stein which are the subject of this action.

8. Defendant Central Intelligence Agency ("CIA") is an agency within the meaning of 5 U.S.C. § 552(f)(1) and is in possession and/or control of the records requested by Stein which are the subject of this action.

9. Defendant Office of the Director of National Intelligence ("ODNI") is an agency within the meaning of 5 U.S.C. § 552(f)(1) and is in possession and/or control of the records requested by Stein which are the subject of this action.

## BACKGROUND

10. On 24 March 2025, Jeffrey Goldberg, Editor-in-Chief of *The Atlantic*, revealed that he had been inadvertently added to a Signal chat group named "Houthi PC small group" by U.S. National Security Advisor Michael Waltz ("Waltz") on 13 March 2025.

11. The "Houthi PC small group" chat group also included Vice President J.D. Vance, White House Chief of Staff Susie Wiles, Secretary of Defense Pete Hegseth ("Hegseth"), Secretary of State Marco Rubio ("Rubio") (for which there were two separate accounts), Secretary of the Treasury Scott Bessent ("Bessent"), CIA Director John Ratcliffe ("Ratcliffe"), Director of National Intelligence Tulsi Gabbard ("Gabbard"), and several other high-ranking Executive Branch officials.

12. The discussion in the "Houthi PC small group" chat group pertained largely to military strikes against Houthi targets in Yemen and included highly sensitive operational details. However, numerous high-level officials—including Hegseth, Ratcliffe, and Gabbard—have repeatedly stated that none of the information shared in any Signal chat group was classified.

13. At one point in the discussion, Waltz changed the Signal setting governing message retention to automatically delete all messages after four weeks.

14. Upon information and belief, some of the devices used to participate in the "Houthi PC small group" chat group were not government-issued devices.

15. Upon information and belief, some of the devices used to participate in the "Houthi PC small group" chat group were government-issued devices.

16. The "Houthi PC small group" chat group created a significant and ongoing scandal, dubbed "Signalgate" in the media.

17. On 20 April 2025, the *New York Times* reported that Hegseth had shared detailed information about forthcoming strikes in Yemen on 15 March 2025 in a second Signal chat group named "Defense | Team Huddle."

18. The "Defense | Team Huddle" chat group also included Hegseth's wife, his brother, and his personal attorney, among other individuals.

19. DOD and the White House have stated that none of the information shared in any Signal chat group was classified.

20. Upon information and belief, the device used by Hegseth to participate in the "Defense | Team Huddle" chat group was also used to participate in the "Houthi PC small group" chat group.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## (DOD – CONSTRUCTIVE DENIAL – 25-F-2572)

21. Stein repeats and realleges the allegations contained in all paragraphs set forth above.

22. On 24 March 2025, Stein, through undersigned counsel, submitted to OSD/JS via the portal at https://www.foia.gov a FOIA request for "all messages in the Signal account used

by Pete Hegseth to participate in [the "Houthi PC small group" chat] group sent in the last three months as of the date of your first search for responsive records" ("DOD request").

23. Stein explained, "To be clear, this request is not just for messages sent to or received from this particular group, but rather all messages sent or received by this Signal account in the relevant time period, regardless of sender or recipient."

24. Stein requested classification as a representative of the news media, a public interest fee waiver, and expedited processing.

25. On 26 March 2025, OSD/JS acknowledged this request and assigned it Req. No. 25-F-2572. OSD/JS granted Stein's request for expedited processing but did not issue a determination regarding his request for classification as a representative of the news media or his request for a public interest fee waiver.

26. As of this writing, OSD/JS has not made a substantive determination within twenty business days regarding Stein's request.

27. Stein has a legal right under FOIA to obtain the information he seeks free of charge, and there is no legal basis for the denial by DOD of said right.

## SECOND CAUSE OF ACTION

## (STATE – CONSTRUCTIVE DENIAL – F-2025-13099)

28. Stein repeats and realleges the allegations contained in all paragraphs set forth above.

29. On 24 March 2025, Stein, through undersigned counsel, submitted to State via the portal at https://www.foia.gov a FOIA request virtually identical to the DOD request, except naming Rubio.

30. Stein requested classification as a representative of the news media, a public interest fee waiver, and expedited processing.

31. On 24 March 2025, State acknowledged this request and assigned it Req. No. F-2025-13099.

32. On 26 March 2025, Stein, through undersigned counsel, amended the request thusly: "In light of today's news that there were two separate accounts for Secretary Rubio in the Houthi small group chat, please make sure that you provide all Signal messages from both accounts in response to this request."

33. On 2 April 2025, State granted Stein's request for classification as a representative of the news media but denied his request for expedited processing and his request for a public interest fee waiver. State also requested that Stein agree to pay "the direct costs of duplication for a minimum of two productions totaling $62.50."

34. On 3 April 2025, Stein, through undersigned counsel, advised State, "We agree to pay $62.50 in the instance that we are not given a fee waiver, but will be submitting an appeal of your fee waiver determination." He also contemporaneously filed an administrative appeal of the adverse fee waiver determination.

35. As of this writing, State has not made a substantive determination within twenty business days regarding Stein's request.

36. Stein has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by State of said right.

## THIRD CAUSE OF ACTION

## (TREASURY – CONSTRUCTIVE DENIAL – 2025-FOIA-01704)

37. Stein repeats and realleges the allegations contained in all paragraphs set forth above.

38. On 24 March 2025, Stein, through undersigned counsel, submitted to Treasury via the portal at https://www.foia.gov a FOIA request virtually identical to the DOD request, except naming Bessent.

39. Stein requested classification as a representative of the news media, a public interest fee waiver, and expedited processing.

40. On 24 March 2025, Treasury acknowledged this request and assigned it Req. No. 2025-FOIA-01704.

41. On 26 March 2025, Treasury denied Stein's request for expedited processing and did not issue a determination regarding his request for classification as a representative of the news media or his request for a public interest fee waiver.

42. As of this writing, Treasury has not made a substantive determination within twenty business days regarding Stein's request.

43. Stein has a legal right under FOIA to obtain the information he seeks free of charge, and there is no legal basis for the denial by Treasury of said right.

## FOURTH CAUSE OF ACTION

## (CIA – CONSTRUCTIVE DENIAL – F-2025-01758)

44. Stein repeats and realleges the allegations contained in all paragraphs set forth above.

7

45. On 24 March 2025, Stein, through undersigned counsel, submitted to CIA via the portal at https://www.foia.gov a FOIA request virtually identical to the DOD request, except naming Ratcliffe.

46. Stein requested classification as a representative of the news media, a public interest fee waiver, and expedited processing.

47. On 27 March 2025, CIA acknowledged this request and assigned it Req. No. F-2025-01758. CIA granted Stein's request for expedited processing and waived all fees.

48. As of this writing, CIA has not made a substantive determination within twenty business days regarding Stein's request.

49. Stein has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by CIA of said right.

## FIFTH CAUSE OF ACTION

## (ODNI – CONSTRUCTIVE DENIAL – DF-2025-00309)

50. Stein repeats and realleges the allegations contained in all paragraphs set forth above.

51. On 24 March 2025, Stein, through undersigned counsel, submitted to ODNI via the portal at https://www.foia.gov a FOIA request virtually identical to the DOD request, except naming Gabbard.

52. Stein requested classification as a representative of the news media, a public interest fee waiver, and expedited processing.

53. On 3 April 2025, ODNI acknowledged this request and assigned it Req. No. DF-2025-00309. CIA granted Stein's request for expedited processing and waived all fees.

54. As of this writing, ODNI has not made a substantive determination within twenty business days regarding Stein's request.

55. Stein has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by ODNI of said right.

## SIXTH CAUSE OF ACTION

### (STATE – EXPEDITED PROCESSING DENIAL – F-2025-13099)

56. Stein repeats and realleges the allegations contained in all paragraphs set forth above.

57. Stein's request to State demonstrated that the information is urgently needed by an individual primarily engaged in disseminating information in order to inform the public concerning actual or alleged Federal Government activity.

58. State's denial of Stein's request for expedited processing is accordingly without merit.

59. Stein has a legal right under FOIA to obtain the information he seeks as soon as practicable, and there is no legal basis for the denial by State of said right.

## SEVENTH CAUSE OF ACTION

### (TREASURY – EXPEDITED PROCESSING DENIAL – 2025-FOIA-01704)

60. Stein repeats and realleges the allegations contained in all paragraphs set forth above.

61. Stein's request to Treasury demonstrated that the information is urgently needed by an individual primarily engaged in disseminating information in order to inform the public concerning actual or alleged Federal Government activity.

62. Treasury's denial of Stein's request for expedited processing is accordingly without merit.

63. Stein has a legal right under FOIA to obtain the information he seeks as soon as practicable, and there is no legal basis for the denial by Treasury of said right.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jeffrey Stein prays that this Court:

(1)     Order Defendants to release all responsive records;

(2)     Order Defendants DOD and Treasury to classify Stein as a representative of the news media;

(3)     Order Defendants DOD and Treasury to release all responsive records to Stein free of charge;

(4)     Order Defendants State and Treasury to process Stein's requests as soon as practicable;

(5)     Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(6)     Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(7)     Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(8)     Grant such other relief as the Court may deem just and proper.

Date:   April 25, 2025

                                          Respectfully submitted,

                                          /s/ Kelly B. McClanahan
                                          Kelly B. McClanahan, Esq.
                                          D.C. Bar #984704
                                          National Security Counselors
                                          1451 Rockville Pike
                                          Suite 250
                                          Rockville, MD  20852
                                          501-301-4672
                                          240-681-2189 fax
                                          Kel@NationalSecurityLaw.org

                                          *Counsel for Plaintiff*