UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. 1:25-cv-01279 (CKK) |
| DEPARTMENT OF DEFENSE, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR EXTENSION OF TIME**

Plaintiff Jeffrey Stein ("Stein") brought this action against Defendants on 25 April 2025. After the Clerk issued the summonses, Stein served the U.S. Attorney's Office for the District of Columbia on 28 April 2025 by email according to the instructions provided on that office's Civil Division's website. Specifically, in addition to the standard service, Stein sent a copy of the service directly to the Chief of the Civil Division with the note, "I will be seeking preliminary relief shortly and request that an AUSA be assigned promptly so that I can discuss the matter with them." *See* Dep't of Justice, *Civil Division* (Mar. 31, 2025), *at* https://www.justice.gov/usao-dc/civil-division (last accessed May 27, 2025) ("If you are serving a copy of a motion for provisional relief with your summons and complaint (i.e., a motion for a preliminary injunction or temporary restraining order), you must also email the Civil Chief indicating as much.").

This case involves messages sent by various senior government officials using the Signal messaging app, some of which have been set to automatically delete within weeks. *See*, *e.g.*, Luke Broadwater, *Another Problem With That Signal Chat? The Messages Disappear.* (Mar. 27,

2025), *available at* https://www.nytimes.com/2025/03/27/us/politics/signal-messages-disappear.html (last accessed May 27, 2025). Three of the five agency Defendants recognized the urgency of this lawsuit and granted Stein's request for expedited processing. (Compl., Dkt. #1, ¶¶ 25, 47, 53 (filed Apr. 25, 2025).) Despite these facts and Stein's good faith efforts to resolve pressing matters such as preservation orders and litigation holds between the parties without briefing, the Department of Justice did not assign a lawyer to this case until "a couple of days ago," less than a week before Defendants' Answer is due. (Defs.' Mot. Ext. of Time, Dkt. #8, at 1 (filed May 27, 2025).)

      The Court should not allow Defendants to run out the clock by waiting until the last minute to assign an attorney to the case and then bootstrap themselves into another month's extension by claiming a need to "gather information" and "determine the assigned attorney for the other agencies" (*id.* at 2), when they were given advance notice a month ago that this would be a fast-moving case. Stein will consent to a one-*week* extension of time for Defendants to answer or otherwise respond to the Complaint, which should be more than enough time "to review the administrative record, confer with the client agencies, explore whether this case may be resolved without litigation, and if not, formulate Defendants' response to Plaintiff's complaint." (*Id.* at 2.) This case involves five Freedom of Information Act ("FOIA") requests, and as the Court is undoubtedly aware, an Answer in a FOIA case largely boils down to whether the agency received the requests and whether it has completed its processing. Since there are no grounds for a motion to dismiss in this otherwise straightforward FOIA case, there are no grounds for a month-long extension to answer those simple questions.

Date: May 27, 2025

                                      Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1451 Rockville Pike
Suite 250
Rockville, MD  20852
501-301-4672
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*