UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JEFFREY STEIN,<br><br>                    Plaintiff,<br><br>        v.<br><br>DEPARTMENT OF DEFENSE, et al.,<br><br>                    Defendants. | Civil Action No. 25-1279 (CKK) |

## <u>ANSWER</u>

Defendants, Department of Defense (the "DoD"), Department of State (the "State Department"), Department of the Treasury ("Treasury"), Central Intelligence Agency ("CIA"), and Office of the Director of National Intelligence ("ODNI") (collectively, "Defendants"), by and through undersigned counsel, respectfully submit this Answer to the Complaint (ECF No. 1) filed in this case by Plaintiff Jeffrey Stein ("Plaintiff") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendants expressly deny all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendants respond to the Complaint in like numbered paragraphs as follows:

## JURISDICTION[1]

1.     The allegations in this paragraph consist of conclusions of law regarding jurisdiction, to which no response is required.  To the extent that a response is deemed required, Defendants only admit that this Court has jurisdiction over claims involving proper FOIA requests, subject to the terms and limitations of FOIA.

## VENUE

2.     The allegations in this paragraph consist of conclusions of law regarding venue to which no response is required.  To the extent that a response is deemed necessary, Defendants admit that venue lies in this judicial district for a proper claim under FOIA.

## PARTIES

3.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

4.     Defendants admit that DoD is a federal agency within the meaning of the FOIA. The remaining allegations in this paragraph consist of conclusions of law, to which no response is required.

5.     Defendants admit that the Office of the Secretary of Defense and Joint Staff are two components of DoD and Defendant DoD avers that the Office of the Secretary of Defense is the only component involved with this action.

---

[1]     For ease of reference, Defendants replicate the headings contained in the Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

6.    Defendants admit that the State Department is a federal agency within the meaning of the FOIA.  The remaining allegations in this paragraph consist of conclusions of law, to which no response is required

7.    Defendants admit that Treasury is a federal agency within the meaning of the FOIA. The remaining allegations in this paragraph consist of conclusions of law, to which no response is required.

8.    Defendants admit that the CIA is a federal agency within the meaning of the FOIA. The remaining allegations in this paragraph consist of conclusions of law, to which no response is required.

9.    Defendants admit that ODNI is a federal agency within the meaning of the FOIA. The remaining allegations in this paragraph consist of conclusions of law, to which no response is required.

## **BACKGROUND**

10 – 20.    To the extent the allegations in these paragraphs seek to provide background facts in support of allegations of public interest, Defendants presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in these paragraphs are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent Plaintiff cites to and references news articles, Defendants aver that the news articles are the best evidence of their contents and respectfully refer the Court to the news articles for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## (DOD – CONSTRUCTIVE DENIAL – 25-F-2572)

21.    Defendants reallege and incorporate by reference all of the preceding paragraphs of this Answer as if fully stated herein

22.    Defendant DoD only admits that it received a FOIA request from Plaintiff on March 24, 2025.  Defendants aver that the FOIA request is the best evidence of its contents and deny any allegations inconsistent therewith.

23.    Defendant DoD only admits that it received a FOIA request from Plaintiff on March 24, 2025.  Defendants aver that the FOIA request is the best evidence of its contents and deny any allegations inconsistent therewith.

24.    Defendant DoD only admits that Plaintiff requested classification as a representative of the news media, a public interest fee waiver, and expedited processing. Defendants aver that the FOIA request is the best evidence of its contents and deny any allegations inconsistent therewith.

25.    Defendant DoD only admits that the Office of the Secretary of Defense acknowledged receipt of Plaintiff's FOIA request and granted Plaintiff's request for expedited processing but has not issued a determination regarding his request for classification as a representative of the news media or his request for a public interest fee waiver.  Defendants aver that the correspondence is the best evidence of its contents and deny any allegations inconsistent therewith.

26.     The allegations in this paragraph consist of conclusions of law, to which no response is required, Defendant DoD only admits that as of this filing the Office of the Secretary of Defense has not issued a final response to Plaintiff's FOIA request.

27.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

### SECOND CAUSE OF ACTION

### (STATE – CONSTRUCTIVE DENIAL – F-2025-13099)

28.     Defendants reallege and incorporate by reference all of the preceding paragraphs of this Answer as if fully stated herein

29.     Defendant State Department only admits that it received a FOIA request from Plaintiff on March 24, 2025.  Defendants aver that the FOIA request is the best evidence of its contents and deny any allegations inconsistent therewith.

30.     Defendant State Department only admits that Plaintiff requested classification as a representative of the news media, a public interest fee waiver, and expedited processing. Defendants aver that the FOIA request is the best evidence of its contents and deny any allegations inconsistent therewith.

31.     Defendant State Department only admits that it acknowledged receipt of Plaintiff's FOIA request.  Defendants aver that the correspondence is the best evidence of its contents and deny any allegations inconsistent therewith.

32.     Defendant State Department only admits that it received an email from Plaintiff, through counsel, on March 26, 2025.  Defendants aver that the correspondence is the best evidence of its contents and deny any allegations inconsistent therewith.

33.     Defendant State Department only admits that it granted Plaintiff's request for classification as a representative of the news media but denied his request for expedited processing and his request for a public interest fee waiver.  Defendants aver that the correspondence is the best evidence of its contents and deny any allegations inconsistent therewith.

34.     Defendant State Department only admits that it received an email from Plaintiff, through counsel, on April 3, 2025, and Plaintiff filed an administrative appeal of the State Department's denial of the fee waiver.  Defendants aver that the correspondence and appeal are the best evidence of their contents and deny any allegations inconsistent therewith.

35.     The allegations in this paragraph consist of conclusions of law, to which no response is required, Defendant the State Department only admits that as of this filing it has not issued a final response to Plaintiff's FOIA request.

36.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

### THIRD CAUSE OF ACTION

### (TREASURY – CONSTRUCTIVE DENIAL – 2025-FOIA-01704)

37.     Defendants reallege and incorporate by reference all of the preceding paragraphs of this Answer as if fully stated herein

38.     Defendant Treasury only admits that it received a FOIA request from Plaintiff on March 24, 2025.  Defendants aver that the FOIA request is the best evidence of its contents and deny any allegations inconsistent therewith.

39.     Defendant Treasury only admits that Plaintiff requested classification as a representative of the news media, a public interest fee waiver, and expedited processing.

Defendants aver that the FOIA request is the best evidence of its contents and deny any allegations inconsistent therewith.

40.    Defendant Treasury only admits that it acknowledged receipt of Plaintiff's FOIA request.  Defendants aver that the correspondence is the best evidence of its contents and deny any allegations inconsistent therewith.

41.    Defendant Treasury only admits that it denied Plaintiff's request for expedited processing and did not issue a determination regarding his request for classification as a representative of the news media or his request for a public interest fee waiver.  Defendants aver that the correspondence is the best evidence of its contents and deny any allegations inconsistent therewith.

42.    The allegations in this paragraph consist of conclusions of law, to which no response is required, Defendant Treasury only admits that as of this filing it has not issued a final response to Plaintiff's FOIA request.

43.    The allegations in this paragraph consist of conclusions of law, to which no response is required, Defendants deny the allegations in this paragraph.

**FOURTH CAUSE OF ACTION**

**(CIA – CONSTRUCTIVE DENIAL – F-2025-01758)**

44.    Defendants reallege and incorporate by reference all of the preceding paragraphs of this Answer as if fully stated herein

45.    Defendant CIA only admits that it received a FOIA request from Plaintiff on March 24, 2025.  Defendants aver that the FOIA request is the best evidence of its contents and deny any allegations inconsistent therewith.

46.    Defendant CIA only admits that Plaintiff requested classification as a representative

of the news media, a public interest fee waiver, and expedited processing.  Defendants aver that the FOIA request is the best evidence of its contents and deny any allegations inconsistent therewith.

47.    Defendant CIA only admits that it acknowledged receipt of Plaintiff's FOIA request, waived fees associated with the administrative phase of his FOIA request, and granted Plaintiff's request for expedited processing.  Defendants aver that the correspondence is the best evidence of its contents and deny any allegations inconsistent therewith.

48.    The allegations in this paragraph consist of conclusions of law, to which no response is required, Defendant CIA only admits that as of this filing it has not issued a final response to Plaintiff's FOIA request.

49.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## FIFTH CAUSE OF ACTION

## (ODNI – CONSTRUCTIVE DENIAL – DF-2025-00309)

50.    Defendants reallege and incorporate by reference all of the preceding paragraphs of this Answer as if fully stated herein

51.    Defendant ODNI only admits that it received a FOIA request from Plaintiff on March 24, 2025.  Defendants aver that the FOIA request is the best evidence of its contents and deny any allegations inconsistent therewith.

52.    Defendant ODNI only admits that Plaintiff requested classification as a representative of the news media, a public interest fee waiver, and expedited processing.  Defendants aver that the FOIA request is the best evidence of its contents and deny any allegations

inconsistent therewith.

53.     Defendant ODNI only admits that it acknowledged receipt of Plaintiff's FOIA request and granted Plaintiff's request for expedited processing and waived those fees associated with the initial processing of his FOIA request.[2]  Defendants aver that the correspondence is the best evidence of its contents and deny any allegations inconsistent therewith.

54.     The allegations in this paragraph consist of conclusions of law, to which no response is required, Defendant ODNI only admits that as of this filing it has not issued a final response to Plaintiff's FOIA request.

55.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## SIXTH CAUSE OF ACTION

## (STATE – EXPEDITED PROCESSING DENIAL – F-2025-13099)

56.     Defendants reallege and incorporate by reference all of the preceding paragraphs of this Answer as if fully stated herein

57.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  Defendants aver that the FOIA request is the best evidence of its contents and deny any allegations inconsistent therewith.

58.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

---

[2]     Plaintiff mistakenly states "CIA granted Stein's request for expedited processing and waived all fees"; however, Defendants understand Plaintiff to have meant "ODNI granted Stein's request for expedited processing and waived all fees."

59.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## SEVENTH CAUSE OF ACTION

## (TREASURY – EXPEDITED PROCESSING DENIAL – 2025-FOIA-01704)

60.     Defendants reallege and incorporate by reference all of the preceding paragraphs of this Answer as if fully stated herein

61.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  Defendants aver that the FOIA request is the best evidence of its contents and deny any allegations inconsistent therewith.

62.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

63.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## PRAYER FOR RELIEF

The remainder of the complaint consists of Plaintiff's prayer for relief, to which no response is required.  To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## DEFENSES

Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendants

through the course of this litigation.  Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

### FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a.

### SECOND DEFENSE

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

### THIRD DEFENSE

Plaintiff has failed to exhaust administrative remedies for some of its FOIA requests.

### FOURTH DEFENSE

FOIA does not provide for declaratory relief against a federal agency.

### FIFTH DEFENSE

The Court lacks subject matter jurisdiction over any requested relief that exceeds the relief authorized by the FOIA.

### SIXTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).  *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In

this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims"

### SEVENTH DEFENSE

Defendants have not improperly withheld records requested by Plaintiff under FOIA.

### EIGHTH DEFENSE

Defendants' actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

### NINTH DEFENSE

As to some or all of the requests, Defendants conducted an adequate search for documents responsive to Plaintiff's FOIA requests and Plaintiff's FOIA requests are not enforceable under the FOIA to the extent a reasonable search cannot be undertaken to identify and locate all responsive records.

### TENTH DEFENSE

As to some or all of the requests, Defendants have exercised due diligence in processing Plaintiff's FOIA requests and exceptional circumstances exist that necessitate additional time for Defendants to continue its processing of Plaintiff's FOIA requests.

\*      \*      \*

## ELEVENTH DEFENSE

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

Dated: June 5, 2025
      Washington, DC

                          Respectfully submitted,

                          JEANINE FERRIS PIRRO
                          United States Attorney

                    By: */s/ Stephanie R. Johnson*         
                          STEPHANIE R. JOHNSON,
                            D.C. Bar # 1632338
                          Assistant United States Attorney
                          Civil Division
                          601 D Street, NW
                          Washington, DC 20530
                          (202) 252-7874
                          Stephanie.Johnson5@usdoj.gov

                          *Attorneys for the United States of America*