UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEFFREY STEIN,

                Plaintiff,

v.

DEPARTMENT OF DEFENSE, et al.,

                Defendants.

Civil Action No. 25-1279 (CKK)

## JOINT STATUS REPORT

Pursuant to the Court's June 30, 2025, Minute Order, Plaintiff Jeffrey Stein ("Plaintiff") and Defendants, Department of Defense ("DoD"), Department of State (the "State Department"), Department of the Treasury ("Treasury"), Central Intelligence Agency ("CIA"), and the Office of the Director of National Intelligence ("ODNI") (collectively, "Defendants"), by and through undersigned counsel, hereby submit this Status Report. The parties report as follows:

1. Plaintiff brings this case under the Freedom of Information Act ("FOIA") seeking the release of documents relating to five FOIA requests. *See generally* Compl. (ECF No. 1).

2. The status of each response to Plaintiff's FOIA requests is below:

### DoD

DoD has completed its search for potentially responsive records and anticipates providing its response within 30 days.

### The State Department

The State Department has completed its search for potentially responsive records and is reviewing them. Because the State Department has not completed its responsiveness review, the State Department does not currently have a page count for the number of records that may need to

be processed. The State Department will provide an estimated timeline for the first production within one month.

## Treasury

Treasury has completed its search for potentially responsive records and determined that 84 pages of collected materials are federal records subject to FOIA. Treasury is currently processing these records, many of which require inter-agency consultation. Treasury anticipates providing a response by September 30, 2025.

## CIA

CIA has completed its initial search and is currently reviewing the results of this search for responsiveness. After this review is complete, if CIA determines that any records are responsive to the request, CIA will consult with other government agencies to the extent necessary, provide an estimated release date, and, if necessary, suggest a processing schedule to Plaintiff for rolling releases.

## ODNI

ODNI has made substantial progress in its search and anticipates completing that search within two weeks. After its search is complete, ODNI will review the results for responsiveness. After this review is complete, ODNI will consult with other government agencies to the extent necessary, provide an estimated release date, and, if necessary, suggest a processing schedule to Plaintiff for rolling releases.

\*   \*   \*

## Proposed Next Steps

The parties disagree on the next steps in this matter and provide their separate position below.

**Plaintiff's Position:** Plaintiff requests that the Court order all Defendants to begin issuing interim responses on 12 September 2025, and every 30 days afterwards. These requests have been granted expedited processing and pertain to a critically important information security issue of great public interest. Plaintiff has not asked the Court to order final disclosure by any date certain, or even to set a quota for monthly releases. Instead, Plaintiff asks the Court to order each Defendant to issue a release on 12 September of any records *they have completed processing by that date*, and to do the same every thirty days afterwards, so that Plaintiff and the Court may begin to objectively measure their rate of processing, so that they may then determine whether further management of that rate is necessary. Defendants will suffer no harm from such an order, and their objection stems from a fundamental desire to conceal the actual review process for as long as possible.

**Defendants' Position:** Defendants request that the Court deny Plaintiff's request. Defendants share Plaintiff's desire to move this case along, and Defendants assure Plaintiff and the Court that it is endeavoring to ensure a timely resolution of this action. As mentioned above, however, several of the Defendants are now reviewing records for responsiveness and for the application of any FOIA exemptions. This review may also require consultation with other entities.

It bears emphasis that the Supreme Court has underscored the importance of affording agencies an appropriate opportunity to ensure that exempt information is withheld if reasonably foreseeable harm would result from its release. *See Food Mktg. Inst. v. Argus Leader Media*, 588 U.S. 427, 439 (2019) ("FOIA expressly recognizes that 'important interests [are] served by [its] exemptions,' and '[t]hose exemptions are as much a part of [FOIA's] purpose[s and policies] as the [statute's disclosure] requirement.' So, just as we cannot properly expand Exemption 4 beyond

what its terms permit, we cannot arbitrarily constrict it either by adding limitations found nowhere in its terms." (citations omitted)). The extraordinary circumvention of the orderly, but expedited, processing of Plaintiff's requests that Plaintiff insists upon is unwarranted, given the importance of allowing the application of appropriate exemptions and the conferral process to properly occur.

Defendants intend to provide their response to Plaintiff's FOIA requests as soon as possible, but this can only be done once Defendants complete the responsiveness review, the application of any FOIA exemptions, and the consultation process. Defendants firmly reject the suggestion that "they will suffer no harm" and "their objection stems from a fundamental desire to conceal the actual review process for as long as possible." Plaintiff's assertions are meritless. This litigation was filed less than four months ago, and Defendants are moving more swiftly than in other litigations in which the courts have intervened. Defendants respectfully submit that it is premature to order a production schedule or deadline and asks that the Court deny Plaintiff's request.

**Joint Position:** The parties propose that they file a subsequent status report by October 2, 2025, updating the Court on Defendants' responses to Plaintiff's FOIA requests.

Dated: August 11, 2025

/s/ Kelly Brian McClanahan
Kelly Brian McClanahan
NATIONAL SECURITY COUNSELORS
1451 Rockville Pike Suite 250
Rockville, MD 20852
501-301-4672
Kel@nationalsecuritylaw.Org

*Attorney for Plaintiff*

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ Stephanie R. Johnson
     STEPHANIE R. JOHNSON
     Assistant United States Attorney
     601 D Street, NW
     Washington, DC 20530
     (202) 252-7874
     Stephanie.Johnson5@usdoj.gov

*Attorneys for the United States of America*